UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Walker Jr.,

    Plaintiff,

v.                                         Case No. 16-10669

Commissioner of Social Security,       Sean F. Cox
                                                      United States District Court Judge

    Defendant.
_____/

## ORDER ADOPTING 7/27/17 AMENDED REPORT AND RECOMMENDATION

Plaintiff Anthony Walker Jr. brought this action pursuant to 42 U.S.C. § 405(g), challenging Defendant Commissioner of Social Security's determination that he is not entitled to supplemental security income ("SSI") benefits. The parties filed cross-motions for summary judgment (Docket Entries No. 14 & 17), which were referred to Magistrate Judge David R. Grand for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)91)(B).

On February 21, 2017, the magistrate judge issued an R&R wherein he recommended that Defendant's motion be denied, Plaintiff's motion be granted to the extent that it sought remand and denied to the extent that it sought an award of benefits, and that the case be remanded for further proceedings. Defendant filed a timely objection to the R&R on February 28, 2017 (Docket Entry No. 20). On June 26, 2017, the Court entered an order returning this matter to Magistrate Judge Grand to address the issue raised by Defendant in her objection to the R&R.

On July 27, 2017, the magistrate judge issued an amended R&R (Docket Entry No. 23), wherein he recommends that the Court grant Defendant's motion for Summary Judgment, deny

1

Plaintiff's motion for Summary Judgment, and affirm the Commissioner's decision.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must filed objections to the R&R within fourteen (14) days after being served with a copy of the R&R. Plaintiff timely filed objections to the amended R&R on August 7, 2017, and Defendant filed a response to the objections on August 10, 2017.

To properly object to the R&R, Plaintiff must do more than simply restate the arguments set forth in his summary judgment motion. *Senneff v. Colvin,* 2017 WL 710651 at * 2 (E.D. Mich. Feb. 23, 2017). Absent compelling reasons, the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n 1 (6th Cir. 2000).

Plaintiff's first two objections challenge the Administrative Law Judge's ("ALJ") assignment of "great weight" to the opinions of medical expert Sai Nimmagadda, MD. Plaintiff argues that Dr. Nimmagadda is a board certified pediatrician and not qualified to provide mental health assessments. Plaintiff contends that these assessments must be made by a psychiatrist or psychologist.[1]

Because Plaintiff did not present this argument to the magistrate, it could be deemed waived. *Murr*, 200 F.3d at 902 n 1. Nonetheless, Plaintiff's argument also fails on the merits. 20 C.F.R. §§ 416.1015 and 416.1016 pertain to which consultants must make initial State agency disability determinations. The regulations' requirements were satisfied here; a State agency

---

[1]The Court notes that the provisions Plaintiff cites in support of this argument, 20 C.F.R. §§ 404.1615(d) and 404.1616(f), pertain to disability determinations and are inapplicable to Plaintiff's claim for SSI benefits. However, 20 C.F.R. §§ 416.1015 and 416.1016 contain identical provisions related to SSI claims. The Court will proceed as if Plaintiff had relied upon these provisions.

psychological consultant, Jerry Csokasy, Ph.D., initially evaluated Plaintiff's claim (Docket Entry No. 11, Tr. 91-93). The regulations did not require that the testifying medical expert in this case, Dr. Nimmagadda, be a psychologist or psychiatrist and Plaintiff cites no other authority for that proposition.

Finally, Plaintiff states that he was diagnosed by his physician with severe major depressive disorder, apparently renewing his argument that the ALJ erred in ignoring his diagnosis of a major depressive order and in failing to find the condition to be a severe impairment. The Court agrees with the magistrate judge's conclusion that Plaintiff has shown no error in the ALJ's determination where Plaintiff did not allege any functional limitations resulting from this impairment. (*See* R&R at 11).

Accordingly, the Court OVERRULES Plaintiff's objections and ADOPTS the magistrate judge's July 27, 2017 R&R. IT IS FURTHER ORDERED that: 1) Defendant's motion is GRANTED; 2) Plaintiff's motion is DENIED; and 3) the ALJ's decision is AFFIRMED.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: September 12, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2017, by electronic and/or ordinary mail.

s/Jennifer McCoy  
Case Manager